1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT MICHAEL PETERSEN,<br><br>              Plaintiff,<br><br>       v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>              Defendant. | Case No.: 1:20-cv-1459 JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2)<br><br>ORDER DIRECTING THE CLERK TO ISSUE SUMMONS, SOCIAL SECURITY CASE DOCUMENTS, AND SCHEDULING ORDER |

        William Curtis Crandell seeks to proceed *in forma pauperis* with an action for judicial review of the administrative decision denying his application for Social Security benefits.  Pending before the Court are the complaint and the motion to proceed *in forma pauperis*. (Docs. 1, 2)  For the following reasons, the Court finds issuance of the new case documents is appropriate.

**I.      Proceeding *in forma pauperis***

        The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).  The Court reviewed the financial status affidavit (Doc. 2), and finds the requirements of 28 U.S.C. § 1915(a) are satisfied. Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

///

1

## II.      Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.      Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and … a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The purpose of the complaint is to give the defendant fair notice of the claims, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

1  conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a

2  complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*,

3  203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.    Discussion and Analysis

5          Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability

6  benefits. (Doc. 1) The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner made after a hearing to
> which he was a party, irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after the mailing to him of
> such decision or within such further time as the Commissioner may allow. Such action
> shall be brought in the district court of the United States for the judicial district in
> which the plaintiff resides, or has his principal place of business . . . The court shall
> have power to enter, upon the pleadings and transcript of the record, a judgment
> affirming, modifying, or reversing the decision of the Commissioner of Social Security,
> with or without remanding the cause for a rehearing.

12  *Id.*  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be

13  reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).

14          Plaintiff asserts the Appeals Council issued a notice denying a request for review of the ALJ's

15  decision on August 13, 2020.  (Doc. 1 at 1)  Thus, the complaint was to be filed within sixty-five days,

16  or no later than October 19, 2020.  Because Plaintiff initiated this action by filing a complaint prior to

17  that date, the request for judicial review was timely under 42 U.S.C. § 405(g).

## V.    Conclusion and Order

19          Plaintiff's complaint states a cognizable claim for review of the administrative decision denying

20  Social Security benefits.  Based upon the foregoing, the Court **ORDERS**:

21          1.        Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

22          2.        The Clerk of Court is **DIRECTED** to issue summons as to Andrew Saul, Commissioner

23  of Social Security;

24          3.        The Clerk of Court is **DIRECTED** to issue and serve Plaintiff with Social Security Case

25  Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-

26  285 Forms;

27          4.        The U.S. Marshal is **DIRECTED** to serve a copy of the complaint, summons, and this

28  order upon the defendant as directed by Plaintiff in the USM Forms; and

5.      After service, the matter will remain stayed pursuant to General Order 615, until the administrative record is filed or further order of the Court lifting the stay.

IT IS SO ORDERED.

Dated:   **October 19, 2020**               **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

4